**Lorenzo E. PEREZ MONTERO, et al., Plaintiff(s)**

v.

**CPC LOGISTICS, INC., Defendant(s).**

**Civil No. 05–1903 (JAG).**

United States District Court, D. Puerto Rico.

Feb. 20, 2008.

As Amended March 3, 2008.

**136**

Carlos M. Vergne–Vargas, Jose A. Rios–Rosa, Carlos M. Vergne Law Office, San Juan, PR, for Plaintiff.

Vicente J. Antonetti, Angel X. Viera–Vargas, Goldman Antonetti & Córdova, San Juan, PR, for Defendants.

## OPINION AND ORDER

JAY A. GARCIA–GREGORY, District Judge.

On August 24, 2005, Lorenzo E. Perez Montero and Edwin Benejam Galarze ("plaintiffs") filed this action, pursuant to the Court's diversity jurisdiction under 28 U.S.C. § 1332, against CPC Logistics, Inc. ("defendant"). Plaintiffs allege retaliation under Puerto Rico Law No. 115 of December 20, 1991, P.R. Laws Ann. tit. 29, § 194 *et seq.* (2006) ("Law 115"); disability discrimination under Puerto Rico Law No. 44 of July 2, 1985, P.R. Laws Ann. tit 1, § 501 *et seq.* (2006) ("Law 44"); wrongful dismissal under Puerto Rico Law No. 80 of May 30, 1976, P.R. Laws Ann. tit. 29, § 185a *et seq.* (2006) ("Law 80"); and violation of article 5A of Puerto Rico Law No. 45 of April 18, 1935, P.R. Laws Ann. tit. 11, § 7 (2006), known as Puerto Rico's Workmen's Compensation Act ("Law 45").

Pending before the Court is defendant's Motion for Summary Judgment, filed on March 2, 2007 (Docket Nos. 32, 33, 34), plaintiffs' response filed on May 23, 2007 (Docket Nos. 40, 41), and defendant's reply (Docket No. 57). Also pending before the Court are several motions to strike supporting documents filed by Civil No. 05–1903(JAG) 2 defendant with its motion for summary judgment (Docket Nos. 42, 43, 54), defendant's responses thereto (Docket Nos. 55, 56, 57) and plaintiffs' replies (Docket Nos. 64, 65). For the reasons set forth below, the Court GRANTS in PART and DENIES in PART the Motion to Strike Defendant's Exhibits (Docket No. 42), GRANTS in PART and DENIES in PART the Motion to Strike Defendant's Affidavits (Docket No. 43), DENIES the

Motion to Strike Affidavit One (Docket No. 54) and GRANTS in PART and DENIES in PART the Motion for Summary Judgment (Docket No. 32).

## FACTUAL BACKGROUND

Defendant CPC Logistics, Inc. ("CPC"), a foreign corporation based in the state of Missouri and duly registered to conduct business in the Commonwealth of Puerto Rico, began operations in Puerto Rico in June 2002 as the sole product and merchandise transportation agent for the Walgreens chain of pharmacies.

Plaintiff Lorenzo E. Perez Montero ("Perez Montero") started working as a truck driver for CPC on July 1, 2002. On April 4, 2003, Perez Montero suffered an accident at work which resulted in trauma to his head and neck as well as an injury to his upper back. Perez Montero sought medical treatment with the Puerto Rico State Insurance Fund ("SIF")and was given medical treatment while working ("CT"). According to plaintiffs, upon returning to work, Perez Montero asked his supervisor, Mr Javier McGuire, for a reasonable accommodation, but defendant denied the request. Defendants deny this, stating that none of the employees of CPC who went on workmen's compensation leave ever requested reasonable accommodation. On January 7, 2004, Perez Montero suffered another work-related accident and injured his lower back. As a result of the accident, he filed a second workmen's compensation claim on January 7, 2004 and was placed on leave from that day until January 15, 2004, when he was authorized by the SIF to return to work while receiving treatment ("CT"). Perez Montalvo alleges that at that time, he asked defendant for a reasonable accommodation, but that defendant denied the request. Defendant denies this, stating that none of the employees of CPC who went on workmen's compensation leave ever requested reasonable accommodation. Thereafter, on March 1, 2004, the SIF put Perez Montero on medical leave. On March 30, 2004, Perez Montero was allowed to work while receiving medical treatment ("CT") by the SIF and was reinstated to his employment. Plaintiffs allege that upon returning to work Perez Montalvo once again asked defendant for a reasonable accommodation, but that defendant denied the request. Defendant denies this, stating that none of the employees of CPC who went on workmen's compensation leave ever requested reasonable accommodation. Finally, on May 12, 2004, Perez Montero was terminated from his employment. The reason stated by CPC for Perez Montero's termination was the manipulation his report of hours worked.

Plaintiff Edwin Benejam Galarze ("Benejam Galarze") started working for CPC on July 1, 2002. From January 8 to 25, 2003, Benejam Galarze was hospitalized at the First Hospital Pan American in Cidra, Puerto Rico. On January 27, 2003 Benejam Galarze called his supervisor, Mr. Javier MacGuire, and told him he was ready and able to work. McGuire told him that there was no assigned delivery route for him and to call the next day. Benejam Galarze kept calling McGuire and after a few days McGuire asked him to lunch. During lunch, McGuire told Benejam Galarze that he was required to undergo a physical examination before being allowed back to work. Benejam Galarze passed the physical examination but was not assigned a delivery route. McGuire explained that there was a problem with Benejam Galarze's driver's license. Thereafter, Benejam Galarze returned to work. From May 26, 2003 to September 27, 2003, Benejam Galarze was absent from work due to a bilateral inguinal hernia suffered as a result of an accident suffered at work. Benejam Galarze's medical treatment was

covered by CPC's medical plan Triple S and he received compensation through CPC's disability plan. Benejam Galarze returned to work on September 27, 2003. Plaintiffs claim that at that time, Benejam Galarze requested CPC reasonable accommodation. CPC denies this, stating that none of its employees who went on workmen's compensation leave ever requested reasonable accommodation. After returning to work, the hernia operation kept giving Benejam Galarze problems. McGuire filled out Benejam Galarze's SIF referral form and Benejam Galarze went to the SIF for medical assistance. He was placed on medical leave from February 26, 2004 to April 15, 2004. On that day, he was reinstated to his job at CPC while receiving medical treatment under the SIF ("CT"). Plaintiffs allege that upon his reinstatement, Benejam Galarze asked McGuire for reasonable accommodation and that it was denied. Defendants deny this, stating that none of the employees of CPC who went on workmen's compensation leave ever requested reasonable accommodation. On May 4, 2004, Benejam Galarze received a memorandum from McGuire warning him about his absenteeism since January 2003. Benejam Galarze told McGuire that the majority of his absences were excused. On June 8, 2004, Benejam Galarze was terminated from his employment. The reason stated by CPC for Benejam Galarze's termination was absenteeism.

In March 2004, while Perez Montero was on medical leave, he allegedly received a telephone call from his coworker Edwin Ramos Rivera. Ramos Rivera told Perez Montero that he had overheard various company managers visiting the Puerto Rico facilities talking to McGuire. Ramos Rivera understood that the managers told McGuire that they did not want workers who were always sick and that they should be fired. Benejam Galarze also came to

hear this story about what Ramos Rivera heard. In his deposition, Ramos Rosario testified that while standing outside a room, he had heard voices coming from inside which he identified as those of CPC executives telling who he identified as McGuire the following: "you have to do something to these guys from sick leave;" "you have to leave this [sic] people;" "you have to find health [sic] people;" "people who really want to work." Perez Montero and Benejam Galarze were the only two CPC truck drivers who were fired while receiving medical treatment while working ("CT") as mandated by the SIF.

## DISCUSSION

### A. Standard of Review

The Court's discretion to grant summary judgment is governed by Rule 56 of the Federal Rules of Civil Procedure. Rule 56 states, in its pertinent part, that the Court may grant summary judgment only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); see Santiago–Ramos v. Centennial P.R. Wireless Corp., 217 F.3d 46, 52 (1st Cir.2000). The party moving for summary judgment bears the burden of showing the absence of a genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

·Once a properly supported motion has been presented before the Court, the opposing party has the burden of demonstrating that a trial-worthy issue exists that would warrant the Court's denial of the motion for summary judgment. For issues where the opposing party bears the ultimate burden of proof, the party cannot

merely rely on the absence of competent evidence, but must affirmatively point to specific facts that demonstrate the existence of an authentic dispute. *See Suarez v. Pueblo International, Inc.,* 229 F.3d 49, 52 (1st Cir.2000).

In order for a factual controversy to prevent summary judgment, the contested facts must be "material" and the dispute must be "genuine." "Material" means that a contested fact has the potential to change the outcome of the suit under governing law. The issue is "genuine" when a reasonable jury could return a verdict for the nonmoving party based on the evidence. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). It is well settled that "[t]he mere existence of a scintilla of evidence" is insufficient to "defeat a properly supported motion for summary judgment." *Id.* at 252. It is therefore necessary that "a party opposing summary judgment must 'present definite, competent evidence to rebut the motion.'" *Maldonado–Denis v. Castillo–Rodriguez,* 23 F.3d 576, 581 (1st Cir.1994) (quoting *Mesnick v. General Elec. Co.,* 950 F.2d 816, 822 (1st Cir.1991), cert. denied, 504 U.S. 985, 112 S.Ct. 2965, 119 L.Ed.2d 586 (1992)).

In making this assessment, the Court "must view the entire record in the light most hospitable to the party opposing summary judgement, indulging in all reasonable inferences in that party's favor." *Griggs–Ryan v. Smith,* 904 F.2d 112, 115 (1st Cir.1990). The Court may safely ignore "conclusory allegations, improbable inferences, and unsupported speculation." *Medina–Munoz v. R.J. Reynolds Tobacco Co.,* 896 F.2d 5, 8 (1st Cir.1990).

*B. Defendant's Motion for Summary Judgment*

Defendant argues that plaintiffs' claims fail to establish a retaliation claim under Law 115. Specifically, defendant attacks plaintiffs' basis for their allegation of retaliation. According to defendant, their claim is based on the sole allegation that one witness heard some unidentified English-speaking executive of CPC say something about "guys on sick leave" and about finding "healthy people who really want to work." It is defendant's contention that these expressions do not demonstrate that CPC had that attitude towards all individuals under the protection of the Compensation System for Work–Related Accidents Act and in any case, are completely belied by the fact that CPC encouraged its employees to go on workmen's compensation leave.

As to the causes of action under Law 44 and Law 80, defendant argues that there is no liability under these statutes because the evidence shows that plaintiffs were dismissed for just cause and that their termination had nothing to do with disability discrimination. Defendant states that plaintiffs elected to perform their jobs in a negligent and tardy manner and in violation of the rules of CPC and the U.S. Department of Transportation, in spite of having been trained on how to perform their duties and been made aware of the disciplinary consequences of not performing their jobs according to CPC's expectations. Defendant argues that it had no other reasonable alternative but to terminate plaintiffs after giving them successive and repeated warnings regarding their unacceptable performance. According to defendant, plaintiffs have failed to establish that they were dismissed without just cause.

Regarding plaintiffs' claim under Law 45, defendant states that there is no cause of action since plaintiffs were reinstated to their jobs after seeking protection under the Act, pursuant to article 5A of the Act. Their termination was not causally related

not chronologically linked to their return from their workmen's compensation leave.

In their opposition to defendant's motion for summary judgment, plaintiffs argue that they state valid claims under Law 115 and 44. As to Benejam Galarze, plaintiffs note that CPC reprimanded him for being absent while on medical sick leave under the SIF. Plaintiffs also point out as an undisputed fact that Benejam Galarze reminded Mr. McGuire that his absences—which were the stated reason for his dismissal—were either excused or covered by his medical leave but that McGuire responded in an angry tone telling Benejam Galarze that he did not care that he was on medical leave. This response, according to plaintiffs, is direct evidence of retaliation and disability discrimination. It is plaintiffs' contention that the mere fact that CPC took into account the medical leave as a factor for Benejam Galarze's employment termination is a clear violation of Law 115. Plaintiffs argue that given these facts, the mandatory inference is that the motivating factor behind CPC's decision to dismiss Benejam Galarze was the fact that he was on sick leave. Moreover, plaintiffs point to Ramos Rivera's testimony that CPC executives gave McGuire instructions to get rid of sick employees on medical leave and to hire healthy workers. According to plaintiffs, this comment, together with McGuire's reaction, prove that Benejam Galarze was perceived by CPC as a disabled person and that CPC did not want to deal with disabled employees. Plaintiffs further state that reasonable accommodation was requested on several occasions by Benejam Galarze and that McGuire rejected said petitions stating that CPC did not give reasonable accommodations.

As to Perez Montero, plaintiffs argue that it is an uncontested fact that he suffered a work-related accident, was on medical leave under the SIF, was released to work under medical treatment and months later was put back on medical leave. Each time he returned to work, he was denied reasonable accommodation. According to plaintiffs, it is uncontested that Ramos Rivera, a coworker, told Perez Montero about the conversation he overheard between CPC executives regarding sick employees. Plaintiffs argue that McGuire's refusal to give Perez Montalvo reasonable accommodation, together with Ramos Rivera's statement, is sufficient direct evidence of discrimination as well as evidence that Perez Montalvo's dismissal was brought about by CPC's perception of Perez Montalvo as a disabled person. Furthermore, plaintiffs contest defendant's allegation that Perez Montero manipulated his report of hours, which was CPC's stated reason for his termination. Additionally, plaintiffs state that Benejam Galarze and Perez Montero were the only employees who requested medical sick leave and were subsequently discharged.

## C. Analysis

### 1. Motions to Strike

We first address the issues of evidence brought forth by the parties. Plaintiffs moved to strike most of the exhibits filed by defendant with its summary judgment motion. (Docket No. 42). Defendant responded (Docket No. 55) and plaintiffs replied (Docket No. 64). Plaintiffs argument was first that the documents submitted by defendant were not authenticated as required by Rule 56(e) "by and attached to an affidavit that meets the requirements of Rule 56(e)." To this, defendant responded that the documents in question are business records of CPC that were annexed as part of CPC's answer to plaintiffs' first set of interrogatories. Defendant argues that a moving party is not required to support its summary judgment motion with affida-

vits and that the fact that the documents submitted were part of the answers to interrogatories subscribed under penalty of perjury by an executive of defendant, Mr. Harold Wallis, is sufficient. Plaintiffs then responded that this is insufficient authentication because it does not comply with the mandate of Rule 902(11) of the Rules of Evidence, which requires a declaration by the custodian of the record to the effect that the record was prepared at or near the time of occurrence of the matters set forth therein by a person with knowledge of those matters, and that the record was kept in the course of regularly conducted activity.

■ Indeed, Rule 56(e) does not require a moving party to submit affidavits; answers to interrogatories may be used on a motion for summary judgment. However, "[i]n summary judgment proceedings, answers to interrogatories are subject to exactly the same infirmities as affidavits." *Garside v. Osco Drug, Inc.*, 895 F.2d 46, 49 (1st Cir.1990). "Although such answers may be given effect so far as they are admissible under the rules of evidence, they should be accorded no probative force where they are not based upon personal knowledge or are otherwise deficient." *Id.* Accordingly, evidence inadmissible at trial cannot be used to support or oppose a summary judgment motion. *See United States v. O'Connell,* 890 F.2d 563 (1st Cir. 1989).

There is no indication that Mr. Wallis has personal knowledge of the information contained in the documents in question. Moreover, there is no independent basis for admission, such as that the documents are business records of CPC. Even if the exhibits in question were submitted with answers to interrogatories that were subscribed under penalty of perjury by Mr. Wallis, defendant has not provided that Court with the declaration required by Fed.R.Evid. 902(11) in order for the documents submitted as part of the answers to interrogatories to be admissible in evidence as business records of CPC. There is no indication that Mr. Wallis could subscribe such a declaration. Without more, the Court is forced to strike the exhibits filed by defendant which, as submitted to the Court, would not be admissible at trial since they remain unauthenticated. Accordingly, exhibits 3, 4–A, 5 and 30 are stricken and shall not be considered by the Court.

■ However, there are certain exhibits will be admitted since they have been authenticated by other means.[1] In the summary judgment stage "[w]hen a party seeks to offer evidence through other exhibits, they must be identified by affidavit or otherwise made admissible in evidence." *Martz v. Union Labor Life Ins. Co.,* 757 F.2d 135, 138 (7th Cir.1985) *citing* 6 Moore's Federal Practice ¶ 56.11[1.–8] (2d ed.1983). The correspondence filed by defendant is supported by the sworn statements it submitted. Exhibits 10, 11, 14, 15, 16, 17, 18, 19, 20, 21, 22, 24, 25, 26, 27, 28 and 32 are all letters signed my McGuire and directed at plaintiffs in which he either administers warnings to plaintiffs or notifies of their suspension or termination. In his sworn statements, McGuire makes reference to these actions. This is sufficient to authenticate the letters submitted as exhibits.[2] Having been authenticated through affidavit by someone with personal knowledge of the information stated

---

1. Defendant did not make this argument, but the Court has adopted it in view of the fact that Rule 56(e) should be interpreted as an enlarging provision.

2. The Court notes that many of these letters are irrelevant inasmuch as they are evidence of incidents that were not stated as part of the reasons for plaintiffs' termination.

therein, the exhibits listed above are admissible in evidence.

Plaintiffs also moved to strike defendant's affidavits in support of its motion for summary judgment. (Docket No. 43). Defendant responded (Docket No. 56) and plaintiffs replied (Docket No. 64). Plaintiffs argue that the supporting affidavits do not comply with Fed.R.Civ.P. 56. First, plaintiffs move to strike defendant's Exhibit 1, which consists of an affidavit by Alex R. Lopez–Lopez, CPC's Operations Manager from June 10, 2002 to October 28, 2002, because it is not signed. Defendant originally submitted an incomplete version of the affidavit, which was missing the signature page, but after plaintiffs' motion to strike, submitted a complete copy of the affidavit. Thereafter, plaintiffs moved the court to ignore the filing of the complete copy and to strike the affidavit for failure to comply with Fed.R.Civ.P. 56. (Docket No. 54). The court, however, is inclined to be lenient when these sorts of clerical mistakes occur. Accordingly, plaintiffs' motion to strike Alex Lopez–Lopez's affidavit on the grounds that the original filing did not contain the signature page is denied.

Plaintiffs next argue that Exhibit 1 should be stricken because the affiant, Alex Lopez, ceased to be Operations Manager at CPC on October 28, 2002 and therefore, does not have the requisite personal knowledge. After reviewing, paragraph by paragraph, the contents of the affidavit in question, the Court finds the Mr. Lopez has the personal knowledge necessary to attest to everything contained therein. Accordingly, plaintiffs' motion to strike on these grounds is denied.

Next, plaintiffs move to strike Exhibits 7–A and 7–B, which are affidavits subscribed by Mr. McGuire, because he states that the information contained therein is true through information provided to him and which he believed to be true. Plaintiffs argue that these affidavits should not be accorded any weight in summary judgment because they are made upon information and belief, as opposed to personal knowledge. McGuire's affidavits contain the following statement which invalidates plaintiffs' argument: "The foregoing statements are true information that I know through my own and personal knowledge and through information that I have been provided and which I believe is true." Accordingly, plaintiffs' motion to strike on these grounds is without merit. Plaintiffs next attack specific paragraphs of Exhibits 7–A and 7–B. The court has reviewed these objections yet finds that the affidavits are admissible.

Finally, plaintiffs move to strike defendant's Exhibit 9, which consists of defendant's answer to the first set of interrogatories and request for production of documents. Plaintiffs argue that the answers lack foundation and are hearsay since defendant has not produced admissible evidence to establish that Mr. Harold Wallis, who subscribes the answers to the interrogatories, is competent to testify. Furthermore, plaintiffs contend that the entire answer to the interrogatory is inadmissible for lack of foundation because it is information provided as response to questions not included by the defendant. The Court is unpersuaded by the argument that the questions must have been submitted together with the answers to the interrogatory. As defendant states, Rule 56 does not mandate this inclusion. As to the content of the answers, the court has reviewed the same and concludes that the first paragraph is admissible; the rest will not be considered.

Accordingly, we move on to discuss the merit of defendant's motion for summary

judgment on plaintiffs' claims under Puerto Rico Laws 115, 44, 80 and 45.

### 2. *Law 115 claims*

Law 115 provides that the collaboration or expressions made by an employee before an administrative, judicial or legislative forum cannot constitute just cause for adverse action by the employer. P.R. Laws Ann. tit. 29, § 194a(a). Law 115 establishes a burden-shifting framework:

> The employee shall show proof of the violation through direct or circumstantial evidence. The employee shall furthermore establish a prima facie case of violation of the act by proving that he/she participated in an activity protected by §§ 194 et seq. of this title and that he/she was subsequently discharged, threatened or discriminated against regarding his/her employment. Once the aforesaid has been established, the employer shall claim and provide a non-discriminatory legitimate reason for the discharge. Should the employer claim and provide such a reason, the employee should demonstrate that the alleged reason provided by the employer was a mere pretext for the discharge.

> P.R. Laws Ann. tit. 29, § 194a(c).

In order to have a cause of action under Law 115, an employee must prove violation to the dispositions of the Act through direct or circumstantial evidence. A prima facie case of retaliation under Law 115 is established by the employee if he proves that (1) he engaged in one of the protected activities set forth in the Act and (2) he was subsequently discharged, threatened or suffered discrimination at work. 29 P.R. Laws Ann. § 194a(a); *Hernandez v. Espinosa*, 145 P.R.Decis. 248 (1998); *Salva v. Eagle Global Logistics*, 2006 WL 2685109 (D.P.R.2006). The Puerto Rico Supreme Court has held that when an employee reports to the SIF under the dispositions of Law 45, he engages in protected activity for purposes of Law 115. *See Irizarry v. J & J Cons.Prods. Co., Inc.*, 150 P.R.Decis. 155 (2000). In this case, it is uncontested that plaintiffs filed workmen's compensation claims while working at CPC. It is also uncontested that plaintiffs were subsequently discharged by CPC. Having met this initial burden, it is defendant's burden to claim and provide a non-discriminatory legitimate reason for the discharge. CPC has come forth with an explanation: plaintiffs' discharge was "the final result of long months of documented progressive discipline that had no effect in rehabilitating plaintiffs' irresponsible, deficient, and at times, bizarre behavior in the workplace." CPC supports its proffered non-discriminatory reason with two sworn statements, the answers to the interrogatories and several letters addressed to plaintiffs warning them of their deficiencies. These documents show that CPC dismissed Perez Montero for manipulating his report of hours. As to Benejam Galarze, the evidence submitted by CPC shows that he was let go because of his excessive and unjustifiable pattern of absenteeism. Having CPC articulated non-discriminatory reasons for its employment actions, the burden shifts back to plaintiffs to demonstrate that the reasons proffered by the defendant are mere pretext for discrimination.

Plaintiffs have each submitted unsworn statements in which they contest defendant's reasons for firing them. Benejam Galarze states that his absences were all either covered by his medical leave or otherwise justified. Perez Montero states that he never manipulated his report of hours, explaining why it took him longer than expected to finish certain tasks. Both plaintiffs state that they were denied reasonable accommodation, that

their supervisor's attitude towards their leave under the SIF was negative and that they came to know that CPC executives wanted to substitute them with healthy workers. Plaintiffs include the deposition of Edwin Ramos Rivera, who testified that he overheard CPC executives talking and that he understood that they gave instructions to get rid of the employees on sick leave and to hire healthy employees.

Obviously, the parties are at odds about whether there was a retaliatory pretext in this case. "Courts should exercise particular caution before granting summary judgment for employers on issues such a pretext, motive and intent." *Santiago–Ramos v. Centennial P.R. Wireless Corp.,* 217 F.3d 46, 55 (1st Cir.2000). However, "[i]f the non-moving party rests merely upon conclusory allegations, improbable inferences, and unsupported speculation, summary judgment may be appropriate even where intent is at issue." *Hodgens v. General Dynamics Corp.,* 144 F.3d 151, 167 (1st Cir.1998).

In this case, plaintiffs' proof of pretext consists of Ramos Rivera's deposition and their own allegations that they received no reasonable accommodation and that CPC had a negative attitude towards them. In his deposition, Ramos Rivera states that two or three weeks before Perez Montero was terminated, he heard CPC executives tell McGuire: "you have to do something to these guys from sick leave;" "you have to leave this [sic] people;" "you have to find health [sic] people;" "people who really want to work." Although this comment could be considered vague because it does not identify the "guys from sick leave" as the employees who were under the protection and leave of Law 45 nor does it identify plaintiffs as those "guys," the Court finds that this is a reasonable inference that must be made in plaintiffs' favor. Considered as such, this evidence of pre-

text does not merely consist of "conclusory allegations, improbable inferences, and unsupported speculation," but is sufficiently significant. *Id.* At a minimum, there is a genuine issue of material fact here as to whether CPC's articulated legitimate non-retaliatory reason for plaintiffs' termination was just a pretext. Moreover, the issue of whether the men talking were indeed those identified by Ramos Rivera is an issue of credibility better left for a jury to decide. Accordingly, CPC's motion for summary judgment on plaintiffs' Law 15 claims is denied.

### 3. *Law 44 claims*

Law 44 bans discrimination against disabled individuals by any public or private institution that receives funds from the Commonwealth of Puerto Rico. Specifically, Law 44 states:

It is hereby prohibited for any natural or juridical person by himself or through another to hinder, prevent, limit or exclude another person with physical or mental disabilities, and merely because of these disabilities, from participating, being a part of, or enjoying at or of, whatever programs or activities that are organized, sponsored, operated, implemented, administered or in any other manner directed or carried out by any private or public institution whatsoever that receives funds from the Commonwealth of Puerto Rico.

P.R. Laws Ann. tit. 1, § 505.

Article 1 of Law 44 defines a person with physical or mental disabilities as:

any person with a disability of a motor, mental or sensory nature which hinders or limits his/her inception or ability to work, study or enjoy life fully and who is qualified to carry out the basic functions of that work or field of study, with or without reasonable accommodation.

It shall also be understood that a person with disabilities, under the protection of this chapter, is any person whose disability substantially [limits] his/her performance in one or more of the main daily living activities, and who has a prior history of that condition, or is deemed to have said disability even if he/she does not have it.

P.R. Laws Ann. tit 1, § 501(d).

Under Law 44, a qualified person with physical, mental or sensory limitations is "a person with a disability who, with or without reasonable accommodations, is qualified to carry out the essential tasks of an occupation in the job he/she maintains, retains or applies for, and who is willing and able to participate in all activities of a financial and civic-social nature of everyday life." P.R. Laws Ann. tit. 1, § 501(e).

■ Law 44 was modeled after the Americans with Disabilities Act, 42 U.S.C. 12101, *et seq.* ("ADA"). Like the ADA, Law 44 creates an obligation for any employer to provide reasonable accommodations, and prohibits discrimination against persons with disabilities. *Jaiman v. Cidra Mfg. Operations of Puerto Rico, Inc.,* 145 P.R.Decis. 746, 749 (1998). The elements of proof for a claim under Law 44 are essentially the same as for a claim under the ADA. *Arce v. ARAMARK, Corp.,* 239 F.Supp.2d 153, 168–69; *Zayas v. Commonwealth of Puerto Rico,* 378 F.Supp.2d 13, 23–24 (D.P.R.2005); *see also, Roman–Martinez v. Delta Maint. Serv., Inc.,* 229 F.Supp.2d 79, 85 (D.P.R.2002). Accordingly, under Law 44, the plaintiff bears the initial burden of establishing each element of his claim for disability discrimination by proving that he is a person with a disability as defined under Law 44, that he is a qualified individual with a disability, as defined under Law 44 and the ADA, and that he was dismissed because of his disability. *See Cook v. State of Rhode Island,* 10 F.3d 17, 22 (1st Cir.1993). Once the plaintiff has done this, he has made a prima facie case of disability discrimination and the burden shifts to the defendant to produce evidence showing that its actions were based on legitimate, nondiscriminatory reasons. *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). If the defendant produces such evidence, then the plaintiff must show that the stated reasons for defendant's adverse decision was a pretext for discrimination. *Id.* at 804.

■ In this case, the defendant did not address any of the elements of plaintiffs' disability discrimination claims. CPC limited its argument to stating that plaintiffs were dismissed for just cause. Additionally, the Court does not have a fully-developed record on the issue of whether plaintiffs were persons with a disability pursuant to Law 44 or on any of the elements of the disability discrimination claims. Moreover, there is an issue of material fact as to whether plaintiffs requested reasonable accommodation from defendant. As such, summary judgment on plaintiffs' Law 44 claims is not proper.

### 4. *Law 80 claims*

Law 80 is Puerto Rico's Wrongful Dismissal Act. The only remedy it provides to an employee who is discharged without just cause is entitlement to receive severance payment from his/her employer. P.R. Laws Ann. tit. 29, § 185a.[3]

---

**3.** This payment consists of: (1) the salary the employee may have earned; (2) the salary corresponding to one month, as indemnity, if the employee was discharged within the first five years of service; the salary corresponding to two months if the employee was discharged after five years and up to fifteen years of service; and the salary corresponding to three months if the discharge was after fifteen years of service; and (3) an additional pro-

According to Law 80, a dismissal without just cause is "[one] made by mere whim or fancy of the employer or without cause relative to the normal operation of the establishment." P.R. Laws Ann. tit. 29, § 185b. Law 80 allows the termination of an employee for a number of reasons which said statute defines as "just cause":

Just cause for the termination of an employee shall be understood to be:

(a) That the worker indulges in a pattern of improper or disorderly conduct.

(b) The attitude of the employee of not performing his work in an efficient manner; or of doing it belatedly and negligently or in violation of the standards of quality of the product produced or handled by the establishment.

(c) The employee's repeated violations of the reasonable rules and regulations established for the operation of the establishment, provided a written copy thereof has been opportunely furnished to the employee.

(d) Full, temporary or partial closing of the operations of the establishment.

(e) Technological or reorganization changes as well as changes of style, design or the nature of the product made or handled by the establishment, and changes in the services rendered to the public.

(f) Reductions in employment made necessary by a reduction in the anticipated or prevailing volume of production, sales or profits at the time of the discharge. P.R. Laws Ann. tit. 29, § 185b.

■ Under Law 80, an employee bears the initial burden of alleging unjustified dismissal and proving actual dismissal. If the employee meets this burden, "the employer must establish by a preponderance

of the evidence that the discharge was made for good cause." *See Hoyos v. Telecorp Communications*, 405 F.Supp.2d 199, 205–06 (D.P.R.2005). In this case, plaintiffs have met their initial burden of alleging unjustified dismissal and proving actual dismissal. Although they do not address their claims under Law 80 in their opposition to defendant's summary judgment motion, it is clear that summary judgment is not proper on plaintiffs' Law 80 claims for the same reasons discussed in relation to plaintiffs' Law 115 claims. Because there is a genuine issue of material fact as to whether CPC's stated reason for plaintiffs' termination is a pretext for discrimination, defendant has not established by a preponderance of the evidence that plaintiffs' discharge was made for good cause. As such, summary judgment on plaintiffs' Law 80 claims is denied.

### 5. *Law 45 claims*

Law 45 is known as Puerto Rico Workmen's Accident Compensation Act. It is essentially a remedial statute geared at providing employees with specific medical and economic benefits. In order to meet its objective, Law 45 establishes a rapid compulsory insurance scheme providing medical treatment, payment of benefits and disability compensation through the State Insurance Fund to assist employees affected by work-related accidents or otherwise suffering from health conditions related to their employment. *See Guzman Cotto v. E.L.A.*, 156 P.R. Decis. 693 (2002). In addition, article 5A of Law 45 establishes that employers must reinstate their employees to their positions following disability:

gressive compensation equal to one week for each year of service. P.R. Laws Ann. tit. 29,

§ 185a.

In the cases of working disability according to the provisions of this chapter, the employer shall be under the obligation to reserve the job filled by the laborer or employee at the time the accident occurred, and to reinstate him/her therein, subject to the following conditions:

(1) That the laborer or employee demand reinstatement from his/her employer in his/her job within the period of fifteen days counted from the date the laborer or employee is discharged from treatment or authorized to work with the right to receive treatment, and provided such demand is not made after the lapse of twelve months from the date of the accident;

(2) that the laborer or employee be mentally and physically fit to fill said job at the time he/she demands reinstatement from his/her employer, and

(3) that said job still exists at the time the laborer or employee demands reinstatement. (The job shall be understood to exist when the same is vacant or is being filled by another laborer or employee. The job shall be presumed to be vacant when the same was filled by another laborer or employee within thirty days following the date in which the demand for reinstatement was made.) If the employer does not comply with the provisions of this section, he/she shall be under the obligation to pay the laborer or employee or his/her beneficiaries the wages said laborer or employee would have received if reinstated; also, the employer shall be responsible for all damages he/she has caused him/her. The laborer or employee or his/her beneficiaries may prosecute and file the corresponding claim for reinstatement and/or damages in court through ordinary proceedings or through the procedure for claiming wages set up by §§ 3118–3132 of Title 32.

P.R. Laws Ann. tit. 11, § 7.

██ Defendants move the Court to grant summary judgment on plaintiffs' Law 45 claims because, as article 5A of the Act mandates, CPC reinstated plaintiffs to their positions after seeking the protection under the Act. In their opposition, plaintiffs do not address this issue. Moreover, it is undisputed that CPC reinstated plaintiffs to their positions each time they returned from workmen's compensation leave. The complaint does not make reference to any other violation to Law 45 besides that of article 5A. As such, CPC is entitled to summary judgment on plaintiffs' claims under Law 45.

## CONCLUSION

For the reasons stated above, the Court rules as follows. The Motion to Strike Defendant's Exhibits (Docket No. 42) is GRANTED in PART and DENIED in PART; the Motion to Strike Defendant's Affidavits (Docket No. 43) is GRANTED in PART and DENIED in PART; the Motion to Strike Affidavit One (Docket No. 54) is DENIED. Additionally, the Motion for Summary Judgment is GRANTED as to plaintiffs' claims under Law 45 and DENIED as to plaintiffs' claims under Law 115, Law 44 and Law 80.

IT IS SO ORDERED.